### Chewett *v.* Moran and others.

(*Circuit Court, E. D. Michigan.* 1884.)

Res Adjudicata — Claim against Estate — Administration — Suit to Subject Real Estate to Payment of Claim.

After a decree of the probate court of Wayne county, Michigan, had been made closing administration of the estate of D., complainant filed her petition in that court praying that the decree might be set aside, that the administration might be reopened, and that she be allowed to prove her claim upon a covenant of D. against his estate, and after hearing her petition was denied. *Held,* that complainant was not barred by the proceedings in the probate court, and that she could maintain a suit in equity to obtain satisfaction against the heirs at law of D. out of real estate descended to them.

In Equity.

Matthews, Justice. The former decision of this court, overruling the demurrer to the bill for want of equity, is conclusive of the question of the right of the complainant to the relief prayed for, upon the facts stated in the bill. The object of the bill is to obtain satisfaction against the heirs at law of Peter Desnoyers, out of real estate descended to them, upon a covenant of their ancestor, notwithstanding the fact that administration of his estate in the probate court according to the laws of Michigan has been settled and closed, and the administrator discharged, so that no suit at law or in equity could now be prosecuted in any state court for the recovery of the debt. The new matter relied on as a defense in the answer of the defendants, and not covered by the decision of the demurrer, is that the complainant is bound and barred by the proceedings in the probate court of Wayne county, Michigan, where the administration was prosecuted. Whether this is so or not, depends upon whether the complainant became a party to those proceedings. It is alleged that she did so, because on May 6, 1882, after a decree of the probate court had been made closing the said administration, the complainant filed her petition in that court praying that such decree might be set aside, that the administration might be reopened, and that complainant might be let in to prove her claim against the estate; that this

petition was resisted, and, after hearing, denied. In my opinion this is not an adjudication that answers the present bill. The merits of the claim as a liability of the estate were not passed on. The complainant did not in fact become a party to the proceeding by which the administration of the estate was closed without the allowance of her claim. The object of her petition was that she might become a party to the proceeding under the administration, so as to be permitted to present and prove her claim. This was refused, the court in effect deciding that she should not be allowed to become a party to the proceeding in that court. She is not, therefore, bound by the settlement and closing of the administration. It follows that there must be a decree for the complainant according to the prayer of the bill.